# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Joseph Charles Tice, | Civil Action No. 3:18-cv-368-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Honorable Judge R. Markley Dennis, | |
| Defendant. | |

This matter is before the court on Plaintiff's complaint pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights in the state court when his probation was revoked based on failure to pay probation fees. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On March 6, 2018, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without prejudice, and without issuance and service of process. ECF No. 8. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on March 15, 2018. ECF No. 10.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

After considering *de novo* the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation that the Complaint be dismissed.

In Plaintiff's objections, he cites *Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980), for the proposition that judicial immunity is not absolute. ECF No. 10. While Plaintiff next cites *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986), noting *Rankin* was described as "unnecessarily restrictive," he also states "Rankin's ultimate result was not changed." ECF No. 10 at 2. However, *Ashelman* held "[a]s long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." 793 F.2d at 1078. That court explicitly held "[t]o the extent that *Rankin* and *Beard* are to the contrary, they are overruled." *Id.*

Plaintiff argues revocation of his probation was unlawful, leading to multiple violations of his constitutional rights. He also argues Judge Dennis acted without jurisdiction; thus, the complained of action was not a "judicial act." ECF No. 10 at 5-8 ("Judge . . .steped [sic] completely out of the jurisdiction of the court and committed a criminal act when he unlawfuley [sic] revoked my probation and unlawfuley [sic] put me in prison by braking [sic] the law.").

The Supreme Court has held judicial immunity overcome only when a judge undertakes a nonjudicial action (i.e., actions not taken in the judge's judicial capacity), or when judicial actions are "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). It is clear the actions alleged in this case were judicial actions, as Plaintiff was before Judge Dennis for a criminal probation revocation. Further, it is clear that Plaintiff Judge Dennis' actions were not "taken in the complete absence of all jurisdiction." Even if the judge erred in revoking

Plaintiff's probation for failure to pay fees without a finding the failure was willful, immunity still applies. *Id.* at 12-13; *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("Immunity applies even when the judge is accused of acting maliciously and corruptly."). Just because Plaintiff alleges Judge Dennis revoked his probation improperly, contrary to law, does not mean Judge Dennis did not have subject matter jurisdiction. This objection is overruled.

Plaintiff next argues he brought suit against Judge Dennis in his individual capacity and thus he is not immune from personal liability under the Eleventh Amendment. ECF No. 10 at 8. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). It is true Plaintiff brought his suit against Judge Dennis in his individual capacity, and as such Defendant is not shielded by Eleventh Amendment immunity. However, judicial immunity still applies. This objection is overruled.

Accordingly, the court adopts the Report by reference in this Order. Plaintiff's Complaint is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 20, 2018

3